IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

*In re:*

**Rita Katherine Luetkenhaus**

Debtor

Case No. 22-31915-dwh13

MEMORANDUM IN SUPPORT OF CLAIM 6 OF RICHARD LUETKENHAUS

The entire Claim #6 arises from a Judgment for an attorney fee award in matters related to the issues of child custody, child welfare, the parenting plan and child support. The Honorable Judge Garcia gave consideration to all of the arguments from both sides. On September 4, 2014, he awarded $60,000 of the $84,761.84 that was requested (Washington County (Oregon) Circuit Court, C11-2468-DRC).

On February 10, 2016, in Debtor's previous bankruptcy, Debtor filed her third Chapter 13 (Case no. 16-30474-pcm13). Creditor filed a claim for $61,183.25 (Claim #3) and the parties litigated the issue of DSO priority, and credit for payments against the Judgment.

On August 23, 2016, this Court ruled that the entire Claim #3, including interest, was $61,183.25, and that eighty percent of this claim ($48,946.60) was allowed as a DSO priority-claim, and twenty percent ($12,236.65) was allowed as a general non-priority claim (Case no. 16-30474-pcm13, docket 61).

On August 24, 2016, this Court ordered "that the confirmation of the debtor's plan dated 2/10/16 is denied" (Case no. 16-30474-pcm13, docket 62). Debtor did not file an amended plan.

On January 6, 2017, nearly one year after filing Chapter 13, Debtor converted her Chapter 13 to a Chapter 7 (Case no. 16-30474-pcm7). Debtor was not allowed to discharge Claim #3 in her Chapter 7 because exceptions to discharge apply for the debt that is a priority DSO (domestic support obligation), and for the debt owed to a former spouse (11 U.S.C. 523(a)(5) and 11 U.S.C. 523(a)(15)).

Debtor reaffirmed the same $48,946.60 in her Chapter 7 schedules as DSO priority. Debtor did not file an adversary proceeding to challenge Creditor's Claim #3, or to challenge the DSO priority status, or to convert the Ruling into an Order that the Debtor could have appealed. This Court did not order to modify or discharge Claim #3. The entire $61,183.25 claim remains unmodified in the Claims Register. Therefore, the entire claim was not discharged in Debtor's previous Chapter 7.

MEMORANDUM IN SUPPORT OF CLAIM 6 RICHARD LUETKENHAUS - 1

**1. Debtor and her Counsel are not credible.**

Lara Gardner has not disclosed that her daughter Milla E. Rindal is a creditor in the present case. This is an undisclosed conflict of interest (18 U.S.C. 208) and (5 C.F.R. 2635.402 and .502). In the Writ of Garnishment on October 17, 2022, Milla Rindal used the same address as her mother Lara Gardner at 4030 NW Morgan Place (Creditor Exhibit #2, page 2).

Milla Rindal (aka M.E. Rindal) has garnished Debtor's pay, and that garnishment prevented other legitimate creditors from being able to garnish Debtor and collect on the amounts owed to them.

The claim against Debtor is suspect. It is unclear how Milla Rindal could have loaned Debtor $9,800 in 2017, which is very much near the time when Milla was a minor child and Lara Gardner was the custodial parent. It is unclear why Debtor did not contest the Small Claims lawsuit, or challenge any of the garnishments. The amount is just shy of the $10,000 limit allowed in a Small Claims lawsuit.

The claim arises from a monetary award for $9,902 ($9,800 plus $102 fees) on August 12, 2020, for a "personal loan" to Debtor on or about August 1, 2017, (Case no. 20SC05515 Circuit Court (Oregon) Lane County). Debtor reported that Milla Rindal garnished her for $1,294.58 on October 31, 2022, (docket 1, Form 107, Part 3 Line 6). Debtor entered M.E. Rindal as a creditor for $12,243.08 (docket 1, Form 106E/F Creditors Who Have Unsecured Claims, Part 2 Entry 4.5).

Lara Gardner misrepresented the facts in the Memorandum by asserting "the attorney stated that Ms. Luetkenhaus was convicted of a crime when she was not." (docket 70, page 2, lines 14 to 15). On September 23, 2011, Debtor assaulted a woman process server when Debtor's minor child was present. On September 29, 2011, Debtor was cited for Assault in the Forth Degree and for Disorderly Conduct II (Creditor Exhibit 1, page 1). It appears that Lara Gardner was clearly aware of pending criminal charges against Debtor when a restriction on travel was imposed on Debtor, and a request in a letter from Lara Gardner dated April 16, 2012, asked to allow Debtor to travel to Lara Gardner's office in Vancouver (Creditor Exhibit 1, page 25). On June 20, 2012, Ms. Luetkenhaus (Debtor) was convicted of the crime of Disorderly Conduct II, ct 3, (Case no. D11-4247M Circuit Court (Oregon) Washington County) (Creditor Exhibit 1, page 2).

Lara Gardner misrepresented the facts in the List of Exhibits asserting "Richard Luetkenhaus criminal conviction domestic abuse" (docket 63, page 1), and in the Memorandum by making a false allegation that "the claimant was convicted of domestic violence against Debtor." (docket 70, page 2, lines 15 to 16). There was not a conviction.

Debtor provided false testimony on December 13, 2022, during the 341(a) Meeting of the Creditors. When asked about her horses (Spring, Bowie and Kiwi) Debtor denied having any horses or any costs to care for the horses. A month later, Debtor contradicted her testimony when she entered "1 thoroughbred mare $500" in her Amended Schedules filed January 11, 2023 (docket 27, Schedule A/B Property, Part 3 Personal and Household Items, Line 13).

Debtor made a false claim for payments in 2019 for a sum total $2,208.42 (docket 19, Appendix A). Those payments were sent to Atlas Financial and not to Creditor or his attorney. The same $2,208.42 is in her Amended Schedules filed January 11, 2023, "Claim versus Atlas Financial violation of the stay $2208.42 taken unknown value if punitive damages." (docket 27, Schedule A/B Property, Part 4 Financial Assets, Line 33 Claim Against Third Parties).

Debtor made a false claim for payments in 2015 (docket 19, Appendix A), which were resolved in the Ruling by Judge McKittrick on August 23, 2016. Debtor is precluded from re-litigating the Ruling.

During the last 20 years, Lara Gardner has assisted Debtor with legal counsel and has also testified for Debtor. They have caused unreasonable costs and delays to gain advantage in Court during Debtor's two divorces, multiple bankruptcy filings, false FAPA reports, two motions to disqualify Judges, Debtor's criminal conviction, and a Judgment against Debtor by Lara Gardner's daughter Milla E. Rindal, and that has caused hundreds of thousands of dollars in costs, expenses and losses to creditors, former spouses, and attorneys; and has caused the non-profit St. Andrew's Legal Clinic to not get paid about $20,000 in attorney fees for having represented Debtor.

Debtor and Lara Gardner are not credible. They have continued their effort to sully Creditor in the present case with misrepresentations, false allegations, and exhibits that are not relevant. Creditor has provided Exhibit 1 and Exhibit 2, to show the Court that they have blatantly misrepresented the facts.

MEMORANDUM IN SUPPORT OF CLAIM 6 RICHARD LUETKENHAUS - 3

**2. Debtor has submitted Exhibits that are disallowed and should be immediately removed.**

Debtor submitted Exhibit 2 (docket 65), which was ordered redacted, and then was re-submitted (docket 69) in which the date of birth (DOB) is not redacted.

Creditor respectfully requests the Court order the Clerk to immediately remove or restrict access to all exhibits in docket 63, 65, and 69, in accordance with Federal Rule of Bankruptcy Procedure 9037, and privacy rules in 5 U.S.C. 552(a)(b) "Conditions of Disclosure. – No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to who the record pertains,".

**3. Debtor affirmed DSO priority debt is owed to creditors.**

In Debtor's previous bankruptcy, Debtor filed Chapter 13 bankruptcy February 10, 2016 (Case No. 16-30474-pcm13). Richard Luetkenhaus (aka Rick Luetkenhaus and "Debtor" in the present Case) filed Claim #3. On August 23, 2016, this Court ruled that the entire claim, including interest, was $61,183.25, and that eighty percent of this claim ($48,946.60) was allowed as a DSO priority claim, and twenty percent ($12,236.65) was allowed as a general non-priority claim (Case no. 16-30474-pcm13, docket 61).

On January 6, 2017, Debtor converted her Chapter 13 to a Chapter 7.

On March 6, 2017, Debtor submitted new schedules for her Chapter 7.

Debtor affirmed DSO priority status for Claim #3 in her new schedules for the same $48,946.60 DSO priority that was determined in the Ruling by Judge McKittrick on August 23, 2016. Debtor checked the box marked "Domestic Support Obligations" for Rick Luetkenhaus, and entered a total claim for $60,000, and a priority claim for $48,946.60, and a non-priority claim for $11,053.40 (Case no. 16-30474-pcm7, docket 121, Form 106E/F Creditors Who Have Unsecured Claims, Part 1 Entry 2.2).

Debtor affirmed DSO priority status for other debt in her new schedules when she checked the box marked "Domestic Support Obligations" for Rick Luetkenhaus for $59 (Entry 2.1) (which was for child support), and for Carey Smith for $8,686.50 (Entry 2.3), and for Gregory Soriano for $6,894.94 (Entry 2.4). The sum total was $64,586.94 for entries marked as Domestic Support Obligations priority debt. In

MEMORANDUM IN SUPPORT OF CLAIM 6 RICHARD LUETKENHAUS - 4

another place in the schedules, Debtor entered $64,645.94 as the sum total for Domestic Support Obligations priority debt, which is $59 more than the $64,586.94 sum total in Part 1 (Case no. 16-30474-pcm7, docket 121, Part 4, Line 6a Total Claims from Part 1).

Debtor did not file an adversary proceeding to challenge the DSO priority status of the debt that she marked as a Domestic Support Obligation. The Court did not order a change in the DSO priority status of the debt. Therefore, all debt marked as DSO priority by Debtor was a Domestic Support Obligation.

**4. Debtor was not allowed to discharge DSO priority debt.**

The exception to discharge applies, and the Domestic Support Obligation priority debt was not discharged in Debtor's previous Chapter 7 bankruptcy. 11 U.S.C. 101(14A) "The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable non-bankruptcy law notwithstanding any other provision of this title, that is – (A) owed to or recoverable by – (i) a spouse, **former spouse**, or child of the debtor or such child's' parent, legal guardian, or responsible relative."

11 U.S.C. 523(a) "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title **does not discharge** an individual debtor from any debt –" 11 U.S.C. 523(a)(5) "for **a domestic support obligation**". This Court determined in the Ruling that $48,946.60 was determined to be DSO Priority. Therefore, the domestic support obligation was not discharged.

**5. Debtor was not allowed to discharge debt to a former spouse.**

The exception to discharge applies, and the entire amount in Claim #3 was not discharged in Debtor's previous Chapter 7 bankruptcy. 11 U.S.C. 523(a) "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title **does not discharge** an individual debtor from any debt –" 11 U.S.C. 523(a)(15) "to a spouse, **former spouse**, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a government unit;". Creditor is the former spouse of Debtor, therefore the entire claim of $61,183.25 was not discharged.

MEMORANDUM IN SUPPORT OF CLAIM 6 RICHARD LUETKENHAUS - 5

**6. Debtor has incorrectly calculated the amount owed.**

Debtor has incorrectly applied payments by using the date the payment was garnished, and not by using the date that the payment was received by the creditor. ORS 18.742 " Crediting of payments against debt. (1) if a garnishee makes payment to the garnishor, **the payment shall be credited against the debt on the date the garnishor receives the payment**."

Debtor has incorrectly applied payments first to principal, and not to accrued interest. ORS 18.999 "Recovery of amounts related to attempts to recover debt or enforce judgment. This section establishes the right of a plaintiff to recover amounts related to a plaintiff's attempts to recover a debt under ORS 18.854 or to enforce a judgment and establishes procedures for that recovery. The following apply to this section: (1) When a plaintiff receives moneys under a garnishment, attachment or payment, the plaintiff may proceed as follows: (a) **Before crediting the total amount of moneys received against the judgment or debt, the plaintiff may recover and keep** from the total amount received under the garnishment, attachment or payment any moneys allowed to be recovered under this section. (4)(b) **Interest** on the amounts specified in paragraph (a) of this subsection at the rate provided for judgments in ORS 82.010.

**7. Creditor has correctly calculated the amount owed.**

Interest was not compounded. Simple interest was calculated as required by ORS 18.742(1) and ORS 82.010 as follows: Nine percent times the $60,000 Principal divided by the number of days in the year (365) times the number of days since payment was last received. An example of this calculation is on the first and second line of the calculation spreadsheet submitted by Creditor (Claim 6-1 Part 3). The Principal Owing was $60,000. There were 291 days between September 4, 2014, and June 22, 2015, when a payment was received for $311.30. The simple interest calculation in this example was .09 times $60,000 divided by 365 (days in the year) times 291 days and that equals $4,305.21 in accrued interest. The new total amount owed on June 22, 2015, was calculated as $4,305.21 Accrued Interest minus the $311.30 payment received, plus the $60,000 principal, which totals $63,993.91. The next calculation used the same formula and the same nine percent interest times the same $60,000 Principal; The next

MEMORANDUM IN SUPPORT OF CLAIM 6 RICHARD LUETKENHAUS - 6

calculation did not use nine percent interest times $63,993.91, because that would be "compounded" interest and not "simple" interest. The $60,000 Principal was not increased, and can never get increased when using "simple interest"; The Principal can only get decreased, and can only get decreased after all of the accrued interest has been fully paid off. In the present case, the $60,000 Principal has never been decreased by any payment received, because the payment received has not ever been enough to pay off all of the Accrued Interest.

    Payments received were correctly applied on the date received and first to accrued interest and allowed costs such as garnishment fees, and then applied to Principal as required by ORS 18.999(1)(a). An example of this calculation is on the first and second line of the calculation spreadsheet submitted by Creditor. Payment was received on June 22, 2015, for $311.30. The garnishment from Debtor's paycheck happened at an earlier date, but the Debtor is only allowed to get credit for the payment on the date the payment is received by the Creditor.

    Amounts owed in Creditor's calculations were correctly adjusted on February 10, 2016, to the same amounts determined by this Court to be $61,183.25 entire claim, and $48,946.60 DSO priority, and $12,236.65 non-priority. The correct amounts are in the calculation spreadsheet in Exhibit 3 (docket 83).

**8. Debtor is precluded from re-litigating.**

    Claim preclusion prevents Debtor from re-litigating all issues connected with an action "and which were or could have been raised in the action." In re Cooper, 205 WL 6960193, at *4 (9th Cir. BAP 2005). Claim preclusion applies when

    (1) the parties are identical or in privity;

    (2) the judgment in the prior action was rendered by a court of competent jurisdiction;

    (3) there was a final judgment on the merits; and

    (4) the same claim or cause of action was involved in both suits.

Id. It is clear that "the allowance or disallowance of "a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata,"" Siegel v. Fed. Home Loan Mortg. Corp., 143 F.3d 525, 529 (9th Cir. 1998).

MEMORANDUM IN SUPPORT OF CLAIM 6 RICHARD LUETKENHAUS - 7

The parties in the claim objection dispute are identical, and this Court is a "court of competent jurisdiction", and the same claim was involved in both the present Chapter 13 (Claim #6) and the previous Chapter 13 and Chapter 7 (Claim #3). It is clear that the claim allowance ruling was a final ruling on the merits, and is the same claim in both cases. Therefore, the Debtor is precluded from re-litigating the entire claim.

**9. Creditor requests.**

Creditor respectfully requests the Court order the Clerk to remove or restrict access to all Exhibits provided by the Debtor.

Creditor respectfully request the Court take judicial notice of the entire Case no. 16-30474-pcm13, and the entire Case no. 16-30474-pcm7, and the Ruling in Case no. 16-30474-pcm13, docket 61.

**CONCLUSION**

The attorney fee award was in the nature of support as determined by this Court on August 23, 2016, in Debtor's previous Chapter 13, when this Court ruled that the entire Claim #3, including interest, was $61,183.25, and that eighty percent of this claim ($48,946.60) was allowed as a DSO priority-claim, and twenty percent ($12,236.65) was allowed as a general non-priority claim. The $48,946.60 DSO priority amount was only fifty eight percent of the $84,761.84 in attorney fees that Debtor requested in 2014.

In Debtor's previous Chapter 7, Debtor reaffirmed that $48,946.60 was DSO priority, and did not file an adversary proceeding to challenge any part of Creditor's Claim #3. Debtor was not allowed to discharge any DSO priority debt, and was not allowed to discharge any debt owed to a former spouse. This Court did not order a modification, reduction, or discharge of Claim #3. Therefore, the entire Claim #3 was not discharged in Debtor's previous Chapter 7.

In the present Case, Debtor incorrectly calculated the amount owed and did not follow the guidelines set forth in the Oregon Revised Statutes. The Creditor has correctly represented and calculated the amount owed in Claim #6, which is $60,000 Principal, $88,085.99 Entire Claim, $70,468.79 DSO Priority, and $17,617.20 Non-Priority as of November 16, 2022, with simple interest continuing to accrue on the $60,000 Principal at a rate of nine percent.

MEMORANDUM IN SUPPORT OF CLAIM 6 RICHARD LUETKENHAUS - 8

Creditor respectfully requests the Court deny Debtor's objection to Claim #6, and deny Debtor's amended objection.

Creditor respectfully requests the Court affirm the Creditor's Claim #6 with a Ruling that is converted into an Order to prevent future dispute and litigation about the Claim.

Debtor has not filed in good faith and has misrepresented the facts. Creditor respectfully requests the Court deny confirmation of Debtor's Chapter 13, and sanction Debtor by disallowing Debtor from filing another Chapter 13 or Chapter 7.

////

////

////

////

Respectfully submitted: March 13, 2023

*Richard Luetkenhaus*

Richard Luetkenhaus
Creditor

**Certificate of Service**

I certify that on March 13, 2023, I served a copy of the foregoing Memorandum in Support of Claim 6 Richard Luetkenhaus pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 3007(a)(2) on the debtor by U.S. Mail, First Class, to her attorney's address of record, as follows:

**Lara M. Gardner**
**4030 NW Morgan Place**
**Corvallis, OR 97330**

_____
Richard Luetkenhaus