# SORIANO & ASSOCIATES, LLC
*Attorneys at Law*
1000 SW Broadway, Ste. 2300
Portland, Oregon 97205
(503) 924-3090
Fax: (503) 274-1214
www.sorianofamlaw.com

Gregory B. Soriano*
greg@sorianofamlaw.com

*Member of Oregon and Washington State Bars

BANKRUPTCY COURT
DISTRICT OF OREGON
2023 APR -5 PM 3: 27
LODGED___ REC'D___
PAID___ DOCKETED___

March 31, 2023

**VIA U.S. MAIL:**

The Honorable David W. Hercher
United States Bankruptcy Judge
1050 SW 6th Avenue, Suite #700
Portland, OR 97204

Re: **In re: Rita Katherine Luetkenhaus;**
United States Bankruptcy Court for the District of Oregon
Case No. 22-31915-dwh13

Dear Judge Hercher,

I am writing to you regarding Debtor's objection to claim no. 2 [Docket No. 59] which I dispute for the reasons stated below.

This is Debtor's second attempt to discharge her obligations using the bankruptcy instrument. I would respectfully refer you, Your Honor, to the 2016 case in this Bankruptcy Court 16-30474-pcm13, specifically to Honorable Peter McKittrick's opinion letter dated December 12, 2016 in which Judge McKittrick ruled that: *"Soriano's claim is a DSO entitled to priority"* [Case No. 16-30474-pcm13, Docket No. 95].

As the Court is aware, domestic support obligations are not dischargeable pursuant to 11 U.S. Code § 523(5). I am enclosing with this letter my 2016 brief, as well as Judge McKittrick's letter of December 12, 2016 for the record.

Very truly yours,

SORIANO & ASSOCIATES, LLC

*/s/ Gregory B. Soriano*

Gregory B. Soriano

GBS:aa
Enclosure:
Cc: Counsel for Debtor

## CERTIFICATE OF SERVICE

    I certify that on March 31, 2023, copies of the above Letter to Judge Hercher were served on the debtor(s) by U.S. Mail.

                                                       /s/ Gregory B. Soriano
                                                       _____
                                                       Gregory B. Soriano, OSB#732859
                                                       Creditor

DISTRICT OF OREGON
**FILED**
December 12, 2016
Clerk, U.S. Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF OREGON**

**PETER C. MCKITTRICK**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1536

DIANE K. BRIDGE
LAW CLERK

TONIA McCOMBS
LAW CLERK

TRANSMITTED TO COUNSEL and TRUSTEE VIA ECF
TRANSMITTED TO MS. LUETKENHAUS VIA USPS

December 12, 2016

Rita K. W. Luetkenhaus
PO Box 1262
Hillsboro, OR 97123

Randall Poff
1500 NW Bethany Blvd. Ste. 340
Beaverton, OR 97006

Gregory B. Soriano
8705 SW Nimbus Ave., Ste. 230
Beaverton, OR 97008

Re: Rita K. W. Luetkenhaus, Case No. 16-30474-pcm13
Ruling on Objection to Claims #9 and #13

Dear Counsel and Ms. Luetkenhaus:

The purpose of this letter is to give you my ruling on debtor's objections to the claims of Gregory Soriano and Carey Smith. Both claims are for attorney fees incurred in litigation over child custody and parenting time for two of debtor's children.

The court held an evidentiary hearing on November 21, 2016. Debtor and Mr. Soriano appeared pro se; Mr. Smith was represented by counsel. After considering the testimony, exhibits that were admitted into evidence, and the arguments of the parties, I conclude that Soriano's claim will be allowed in full as a priority claim, and Smith's claim will be allowed in part as a priority claim and in part as a general unsecured claim.

## FACTS

Debtor and Smith were married and had two children. They divorced in 2008 pursuant to an agreed dissolution judgment that, among other things, awarded custody of the children to debtor and provided for parenting time to Smith.

Rita K W Luetkenhaus
Randall Poff
Gregory B. Soriano
December 12, 2016
Page 2

In 2010, Smith moved to modify custody. The custody modification proceeding was contentious and took seven full or partial days of trial to resolve. After trial, the state court found that there was a substantial, unanticipated change in circumstances and awarded custody of the children to Smith, with parenting time to debtor.

Smith requested his attorney fees of approximately $86,000 for the custody modification proceeding. The state court found that debtor had "generally been unreasonable, obstructionistic and litigious, overly so[.]" Exh. FF at 5. The state court noted that debtor's conduct had increased the litigation costs for both sides. After determining that some of debtor's conduct had been in bad faith, and considering the fact that debtor's income was significantly less than Smith's income, the court in 2012 awarded Smith attorney fees of $15,000 out of the $86,000 that he sought.

Debtor appealed the custody modification judgment, and the Oregon Court of Appeals affirmed without opinion. The Court of Appeals awarded Smith prevailing party fees and costs of $8,327.75.

While the appeal was pending, debtor filed a chapter 13[1] case, Case No. 12-38042-rld13. Smith filed a proof of claim for the $15,000 state court attorney fee judgment as a general unsecured claim plus $629.35 that he claimed was a priority claim for unpaid medical expenses for the children. Debtor objected to the claim, and Judge Dunn sustained the objection in part, ordering that the claim was allowed as a non-priority general unsecured claim of $15,000. Case No. 12-38042-rld13, Docket #36. The 2012 chapter 13 case was dismissed on debtor's motion in 2014.

In 2014, debtor returned to state court with a motion to modify custody and the parenting plan. Claimant Soriano was appointed to represent the older child in the proceedings as a traditional, non-best interest attorney. After three days of trial, the court found that there had not been a substantial change of circumstances that would warrant changing custody.

Soriano requested his attorney fees for the proceedings in the amount of $6,557.50.[2] Debtor did not timely object to the fees, for reasons that do not affect the outcome of this claim objection. The state court found that the fees were reasonable, that debtor's position had been unreasonable throughout the proceeding, that the litigation had been unnecessary and, after noting that debtor "is not a wealthy individual" and that Smith had not requested payment of any of his fees in the custody modification proceeding, that "an award of attorney fees is appropriate

---

[1] All references to chapters and sections are to the Bankruptcy Code, 11 U.S.C. § 101 et seq.

[2] Soriano's Statement of Attorney Fees and Costs showed total fees of $6,577.50. Exh. D. His Supplemental Affidavit in Support of Attorney Fees stated that he had incurred $6,557.50 in fees for representing the child. Exh. E. The trial court's letter ruling awarding fees said it would award $6,577.50. Exh. F. The Supplemental Judgment re Attorney Fees actually awarded $6,557.50. Exh. G.

Rita K W Luetkenhaus
Randall Poff
Gregory B. Soriano
December 12, 2016
Page 3

to discourage any further inappropriate litigation." Exh. F. The court entered a supplemental judgment against debtor for Soriano's requested fees.

Debtor filed this chapter 13 case in 2016 after the failure of another chapter 13 case that she had filed in 2014. Smith filed a proof of claim in this case for $28,163.50 as a priority claim for a domestic support obligation ("DSO"). The claim is comprised of the 2012 state court $15,000 attorney fee award plus interest, plus the attorney fees awarded on appeal plus interest. Debtor objects to the claim, asserting that it is not a priority DSO claim but instead should be allowed as a general unsecured claim.

Soriano filed a proof of claim for $6,894.84 as a priority DSO claim. His claim includes the $6,557.50 state court attorney fee award plus interest, less a recovery of $376.22 through garnishment. Debtor objects to the claim, asserting that it is not a priority DSO claim but should be allowed as a general unsecured claim.

DISCUSSION

Both claimants assert that their claims are entitled to priority as DSOs. The answer to whether the two claims are entitled to priority is important, because in a chapter 13 case, a plan cannot be confirmed unless it provides for payment in full of claims entitled to priority under § 507. § 1322(a)(2).

An allowed unsecured claim for a DSO is entitled to first priority. § 507(a)(1)(A). As relevant here, a DSO is defined as a debt owed to a spouse, former spouse, or child of the debtor that is "in the nature of alimony, maintenance, or support . . . without regard to whether such debt is expressly so designated[.]" § 101(14A). "Whether an obligation is in the nature of support and thus qualifies as [] support under bankruptcy law is a question of federal law." In re Nelson, 451 B.R. 918, 921 (Bankr. D. Or. 2011).

A proof of claim, executed and filed in compliance with the rules, is prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). Debtor, as the objector to the claims, must produce evidence and show facts that tend to defeat the claims "by probative force equal to that of the allegations of the proofs of claim themselves." In re Holm, 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 Collier on Bankruptcy ¶ 502.02 (15th ed. 1991)). The ultimate burden of persuasion is on the claimant. Id.

Attorney fees incurred in a child custody proceeding may be in the nature of support. In re Chang, 163 F.3d 1138, 1141 (9th Cir. 1998). Considerations for determining whether an obligation is in the nature of child support differ somewhat from those relevant to a determination of whether an obligation is spousal support. With regard to child support, the court should

> look "'at the surrounding circumstances and all other relevant incidents bearing on the [court's] intent'" to determine whether [the court] intended a particular obligation to be in the nature of child support.

In re Seixas, 239 B.R. 398, 404 (9th Cir. BAP 1999) (citation omitted). The critical inquiry is the substance of the obligation and the intent of the state court that made the award. Id. When the award relates to child custody and parenting time, courts consider primarily whether "the issues involved in custody disputes are generally decided by consideration of the child's best interests." In re Rehkow, 2006 WL 6811011, at *3 (9th Cir. BAP 2006) (unpublished) (collecting cases), aff'd, 2007 WL 1879974 (9th Cir. 2007) (unpublished). As the BAP pointed out,

> [T]he vast majority of reported decisions dealing with an award of attorneys' fees in a child custody proceeding have concluded that the fees were in the nature of the child's support within the meaning of § 523(a)(5).
>
> [T]he courts have primarily focused on the fact that the issues involved in custody disputes are generally decided by consideration of the child's best interests. As an example, in the Jones case [Jones v. Jones (In re Jones), 9 F.3d 878, 882 (10th Cir. 1993)] the Tenth Circuit observed that, "[g]enerally, custody actions are directed toward determining which party can provide the best home for the child's benefit and support. Therefore, in order that genuine support obligations are not improperly discharged, we hold that the term 'support' encompasses the issue of custody absent unusual circumstances . . . ."

Id.

Thus, "attorneys' fees incurred in child custody proceedings in which issues involving the best interests of the child are in dispute are in the nature of support . . . ." Id. at *4. Accord In re Moser, 530 B.R. 872 (Bankr. D. Or. 2015). Where, however, the award of fees is imposed as a punitive measure to punish the parent for bringing the action, and the child's best interests were never reevaluated, the fees are not in the nature of support. In re Olsson, 532 B.R. 810, 813 (D. Or. 2015). The fact that the court considers the reasonableness of a parent's conduct in the litigation in determining whether to award attorney fees or how much to award does not mean that the fees were awarded as a sanction rather than as support. Rehkow, 2006 WL 681101 at *4.

1.  Soriano Claim

Soriano's claim is for attorney fees he was awarded for his representation of debtor's child in the child custody modification litigation. Debtor argues that these fees are not DSOs entitled to priority status because (1) the fees were not awarded to a spouse, former spouse, or child of the debtor, and therefore do not fit within the definition of DSO in § 101(14A), and (2) the fees were awarded as a sanction, to punish and deter debtor from future filings, not as support.[3]

---

[3] Debtor argued in passing at the hearing that the claim was assigned to a nongovernmental entity, and therefore falls outside the definition of a DSO under § 101(14A). There is no evidence that the claim was assigned; the fees were awarded directly to counsel for

(continued...)

Rita K W Luetkenhaus
Randall Poff
Gregory B. Soriano
December 12, 2016
Page 5

Debtor is correct that DSO is defined as a debt "owed to or recoverable by . . . a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative[.]" § 101(14A). Soriano's claim is based on fees that are owed to him, and he is not a spouse, former spouse, or child of the debtor.

In Chang, the Ninth Circuit held that fees ordered to be paid to a child's guardian ad litem fit within the definition of a support obligation, even though they were not owed to a spouse or child. The court said:

> Fees paid to third parties on behalf of a child or former spouse can be "as much for support as payments made directly to [the former spouse or child.]" [In re Catlow, 663 F.2d. 960, 962-63 (9th Cir. 1981).] We hold . . . that the identity of the payee is less important than the nature of the debt.

163 F.3d at 1141. As the BAP later explained, under Chang, "it was sufficient that the fees were incurred for that child's benefit and were in the nature of support for that child." In re Gunness, 505 B.R. 1, 6 (9th Cir. BAP 2014). Where a debt is not payable to one of the parties listed in the statute, the debt is held to be in the nature of support if either

> the bounty of that debt had flowed to one of those family members explicitly covered by the statute, or the discharge of the debt would have adversely impacted the finances of one of those explicitly-covered family members.

Id.

In this case, Soriano was appointed as legal counsel for the child. The services for which the fees were awarded were for the child. The benefits of the debt flowed to the child. Because the child benefitted from Soriano's services, the fact that the fees were awarded to the attorney rather than to the child does not defeat its nature as support.

Debtor also argues that the fees are not in the nature of support because they were awarded as a sanction, not as support. She argues that attorney fees awarded in child custody disputes are not per se in the nature of support, and that the purpose of the award to Soriano was to deter debtor from future filings.

Most courts that have considered the issue have determined that attorney fees awarded in a child custody proceeding are in the nature of child support. See Rehkow at *4, collecting cases. The primary focus is "on the fact that the issues involved in custody disputes are generally decided by consideration of the child's best interests."

Here, the court appointed Soriano as counsel for the child pursuant to ORS 107.425(6), which allows the court to appoint counsel for children in a custody modification proceeding.

---

[3](...continued)
the child. The fact that the fees were incurred in representing the child does not mean that the fees were assigned from the child to the claimant.

The statute allows the court to charge reasonable fees for the appointed attorney against a party. In determining custody of minor children, the court must "give primary consideration to the best interests and welfare of the child." ORS 107.137(1).

Debtor is correct that, in awarding Soriano his fees, the court said that debtor's "position was unreasonable throughout." Exh. 4 at p.2. This finding does not, however, mean that the fees were awarded as a sanction against her rather than as support.

First, the statute under which the fees were awarded, ORS 107.425(6), is not a sanction statute. It merely says that the court may award reasonable fees for an attorney appointed for a child in child custody proceedings. Second, in considering attorney fees under ORS 107.425(6), the court must take into consideration various factors set out in ORS 20.075. Baker and Baker, 173 Or. App. 33 (2001); McCarthy v. Oregon Freeze Dry, Inc., 327 Or. 84 (1998). Among those factors are the conduct of the parties in the events that gave rise to the litigation, including "any conduct of a party that was reckless, willful, malicious, in bad faith or illegal," as well as the reasonableness of the party's claims and defenses. ORS 20.075(1). Thus, the state court is always required to consider reasonableness and good faith when awarding attorney fees that are allowed or required by statute; the fact that the court takes those factors into consideration does not make an award of fees a sanction. Debtor's conduct was simply one factor the court considered in assessing Soriano's fees against debtor.

Debtor argued and provided testimony from her friend that Soriano told her that the fees were awarded in order to punish her for her behavior, which supports the conclusion that the fees were a sanction rather than intended for support. But the issue is not Soriano's intent with regard to the fees; it is the court's intent that is relevant. Therefore, even if Soriano said that the fees were awarded as punishment, that does not change the fact that they are support because they were incurred in pursuing the best interests of the child.

I conclude that the fees awarded to Soriano were in the nature of support, not a sanction. The fees were incurred to provide legal representation of the child in a proceeding in which his best interest was the key. The bounty of that representation fell on the child. There were no unusual circumstances that would indicate that the fees were not in the nature of support. The fact that, in considering an award of fees, the court considered the reasonableness of debtor's conduct or her bad faith does not convert the fees from support to a sanction.

Soriano's claim is a DSO entitled to priority. Therefore, debtor's objection to the claim will be overruled.

2. Smith's Claim

Smith's claim is based on attorney fees that he was awarded in the child custody modification proceedings and the appeal of the court's ruling in those proceedings, plus interest. Debtor argues that the fees should not be given priority status as a DSO because (1) Smith is estopped from claiming priority status because he did not assert priority status for the claim in debtor's earlier bankruptcy case; (2) the fees are not in the nature of support, because Smith's income is significantly larger than debtor's income, so he does not need support; (3) the fees

Rita K W Luetkenhaus
Randall Poff
Gregory B. Soriano
December 12, 2016
Page 7

were awarded as punishment, not support; and (4) the fees on appeal did not involve a determination of the child's best interest.

    A.    <u>Estoppel</u>

None of the pertinent documents from debtor's prior cases were introduced into evidence. However, because the documents are readily available to the court and are appropriately subject to judicial notice, I will take judicial notice of the pertinent documents entered in the 2012 and 2014 cases.[4]

In debtor's 2012 chapter 13 case, Smith filed a proof of claim for $15,629.35, made up of $15,000 attorney fees pursuant to the October 23, 2012 Supplemental Judgment re Attorney Fees and Costs, and $629.35 for claimed unreimbursed medical expenses for the children. Proof of Claim #4. Smith sought allowance of the $629.35 as a priority DSO; he claimed the $15,000 attorney fee award as a general unsecured nonpriority debt.

Debtor objected to the claim, seeking its disallowance in full. She argued that (1) the attorney fee award was on appeal and therefore should not be allowed pending the outcome of the appeal and (2) the $629.35 was not for support but instead was for medical bills that Smith had never paid.

The court held a hearing on the claim objection and on March 4, 2013, entered an order allowing the $15,000 as a general unsecured claim and disallowing the $629.35. In September 2014, debtor moved to dismiss her case on the ground that she was unable to propose a feasible amended plan. The case was dismissed on that motion on September 8, 2014.

Debtor filed a new chapter 13 case on September 17, 2014. Smith filed a proof of claim in the 2014 case for $73,589 as a priority DSO, which included the $15,000 in attorney fees allowed in the 2012 case, plus additional interest and anticipated fees on appeal as well as fees anticipated to be awarded to Soriano. Debtor filed an objection, but the case was dismissed on February 6, 2015, before the claim objection was heard.

After debtor filed this case in 2016, Smith again filed a proof of claim. He seeks $28,163.50 as a priority DSO, made up of the $15,000 attorney fee award plus interest, as well as $8,686.50 for attorney fees awarded on the state court appeal of the child custody modification order plus interest.

Debtor does not identify her legal theory for precluding Smith from claiming priority status for his claim because of his earlier filed and allowed nonpriority claim. Smith does not explain why he is not precluded by the order allowing the claim in the 2012 case, other than saying that he is not changing the amount of that claim, only its priority.

---

    [4]    The court may take judicial notice on its own motion. FRE 201(c)(1). If either party seeks to be heard on the propriety of taking judicial notice of these documents, he or she may request a hearing within 10 days of the date of this letter.

Rita K W Luetkenhaus
Randall Poff
Gregory B. Soriano
December 12, 2016
Page 8

      I conclude that Smith is precluded from seeking priority status for the $15,000 attorney fee award plus interest. Claim preclusion prevents parties from relitigating all issues connected with an action "and which were or could have been raised in the action." In re Cooper, 2005 WL 6960193, at *4 (9th Cir. BAP 2005). Claim preclusion applies when

      (1) the parties are identical or in privity;

      (2) the judgment in the prior action was rendered by a court of competent jurisdiction;

      (3) there was a final judgment on the merits; and

      (4) the same claim or cause of action was involved in both suits.

Id. It is clear that "the allowance or disallowance of 'a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata.'" Siegel v. Fed. Home Loan Mortg. Corp., 143 F.3d 525, 529 (9th Cir. 1998).

      The parties in the claim objection dispute in the 2012 case and in this claim dispute are identical. This court was a "court of competent jurisdiction" to enter the order allowing the claim in the 2012 case. It is clear that the claim allowance order was a final judgment on the merits. Therefore the only question is whether the claim is the same in both cases.

      The proof of claim filed in the 2012 case was for the state court $15,000 attorney fee award in the child custody modification proceeding. The proof of claim filed in this case is for that same $15,000 attorney fee award, plus interest, but also includes the award of attorney fees on appeal. The fees on appeal were not awarded until August 25, 2015, after the 2012 case had been dismissed.

      Therefore, the claim for $15,000 plus interest is the same claim as the one asserted in the 2012 case and that was allowed by a final judgment as a general unsecured claim. Smith could have raised the issue of the claim's priority as a DSO in that case but did not. I conclude that Smith is precluded from claiming that the $15,000 fee award that was the subject of the 2012 claim allowance order is a DSO.

      However, the attorney fees awarded on appeal were not and could not have been included in the 2012 proof of claim. Therefore Smith is not precluded from asserting that the fees awarded on appeal constitute a DSO entitled to priority in this case.

      B.    <u>Fees on Appeal</u>

      Debtor argues that the fees awarded by the Court of Appeals are not support, because the appellate court dismissed without prejudice, which means that it did not consider the best interests of the child.

Rita K W Luetkenhaus
Randall Poff
Gregory B. Soriano
December 12, 2016
Page 9

    The Court of Appeals did not dismiss the appeal without prejudice. It affirmed without opinion. The court may decide appeals with or without written opinions. ORS 19.435. Affirmance, with or without opinion, is still a disposition on the merits. As the Court of Appeals Internal Practices Guidelines explains, "[m]ost often, the judges will agree to affirm without opinion when a case is controlled by well-established precedent or by facts that would render a published decision of limited precedential value." Oregon Court of Appeals Internal Practices Guidelines at 22 (July 6, 2007).

    Thus, the fact that the fees were awarded on appeal after the case was affirmed without opinion does not mean that the Court of Appeals failed to consider the merits of the appeal.

    C.    <u>Fees as a DSO</u>

    On the merits of whether the fees awarded on appeal fit within the definition of DSO for purposes of this case, debtor argues that the fees do not constitute support because Smith's income far exceeds hers and therefore he does not need the award to support the children, and that the fees were awarded as punishment rather than for support.

    Smith testified that the appeal related to the issue of child custody and parenting time. He requested approximately $15,000 in attorney fees on appeal, and the Court of Appeals awarded him about half of that.

    As I explained above in discussing Soriano's claim, "attorneys' fees incurred in child custody proceedings in which issues involving the best interests of the child are in dispute are in the nature of support . . . ." <u>Rehkow</u> at *4. On appeal, the Court of Appeals reviewed the trial court's decision about custody and parenting time, which by statute was required to be based on the best interests of the children.

    There is no evidence as to what factors the Court of Appeals took into consideration in awarding the fees on appeal. There is no evidence that the fees were intended as a sanction against debtor for her bad faith or unreasonable conduct; nor is there any evidence that the appellate court took into consideration the disparity in income between the parties.

    However, because the appeal related to the best interests of the children, fees incurred in defending against that appeal constitute a DSO that is entitled to priority. There were no unusual circumstances demonstrating that the fees were not intended as support.

    Thus, Smith's claim will be allowed as a DSO for $8,686.50, which includes the $8,327.75 fee award on appeal plus interest to the petition date. <u>See</u> § 101(14A) (DOS includes the debt and interest that accrues on the debt). The claim will be allowed as a general unsecured claim for $19,477, which includes the $15,000 trial court fee award plus interest to the petition date.

Rita K W Luetkenhaus
Randall Poff
Gregory B. Soriano
December 12, 2016
Page 10

## CONCLUSION

Debtor's objection to Soriano's claim is overruled; his claim will be allowed as a priority DSO for $6,894.84. Debtor's objection to Smith's claim is sustained in part and overruled in part. Smith's claim will be allowed as a general unsecured claim for $19,477.00 and a priority DSO for $8,686.50.

Debtor wants to file an amended plan. Particularly in light of the fact that she now needs to provide for payment of additional priority claims through the plan, confirmation of the plan dated September 2, 2016, will be denied and debtor given 14 days to file an amended plan.

Because I have given the parties 10 days to request a hearing on the propriety of my taking judicial notice of matters from debtor's earlier chapter 13 cases, I will not enter any orders on the claim objections or plan confirmation until that time has run. If no request for hearing is filed, claimants should submit orders on the claim objections consistent with this ruling.

Sincerely,

PETER C. MCKITTRICK
Bankruptcy Judge

cc: Wayne Godare

Gregory B. Soriano
OSB#732859
Email: greg@sorianofamlaw.com
8705 SW Nimbus Avenue, Suite 230
Beaverton, OR 97008
Tel. 503-924-3090
Fax: 503-924-3094
*Creditor*

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## DISTRICT OF OREGON

| | |
|---|---|
| IN RE: | CASE NO. 16-30474-pcm13 |
| RITA K. W. LUETKENHAUS, | |
| Debtor. | CREDITOR GREGORY B. SORIANO'S HEARING BRIEF |

The Creditor Gregory B. Soriano submits this Hearing Brief as follows:

## NATURE OF ACTION

Debtor objects to Claim No. 13 filed by Creditor Gregory B. Soriano on the grounds that she believes the Claim fails to assert grounds for priority and appears to include interest or charges accrued after the filing- Debtor requests said Claim be a nonpriority unsecured claim. Creditor Gregory B. Soriano states that Claim No. 13 is a priority claim as it is a domestic support obligation ("DSO") under 11 U.S.C. §507(a)(1)(A) and (B).

## SUMMARY OF ARGMENT

With respect to Debtor's claim that Creditor Gregory B. Soriano's Claim No. 13 fails to assert grounds for priority, Creditor Gregory B. Soriano states that he was the attorney for one of the minor children of the Debtor in the Washington County Circuit Court, Case No. C06-236DRC for the time period in which the debt was incurred. On February 21, 2014, Creditor Gregory B. Soriano

Page | 1    **CREDITOR GREGORY B. SORIANO'S HEARING BRIEF**

was appointed by the Honorable Donald Letourneau as legal counsel for one of Debtor's minor children, by an Order Appointing Legal Counsel for Child ("Order"). As part of this Order, the minor child was to be treated as a party to the case. In addition, as part of this Order, the court reserved the jurisdiction to assess the child's attorney fees to either or both parents at the conclusion of the proceeding.

In 2005, Congress enacted the BAPCPA to prevent individuals from using the Bankruptcy Court to shirk their domestic support obligations. The BAPCPA amended 11 U.S. C. § 523(a) to provide, in pertinent part:

> A discharge under . . . . . . this title does not discharge an individual debtor from any debt . . . (5) **for a domestic support obligation**; . . . [or] (15) to a spouse, former spouse, or child of the debtor and of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit. [Emphasis added]

Pursuant to 11 U.S.C §101 (14A), the "Definitions" section of the Bankruptcy Code defines "domestic support obligation" as:

> The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, **including interest that accrues on that debt** as provided under the applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
> (A) owed to or recoverable by—
>     (i) a spouse, former spouse, or **child of the debtor** or such child's parent, legal guardian, or responsible relative; or
>     (ii) a governmental unit;
> (B) **in the nature of alimony, maintenance, or support** (including assistance provided by a governmental unit) of such spouse, former spouse, or **child of the debtor** or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>     (i) a separation agreement, divorce decree, or property settlement agreement;
>     (ii) **an order of a court of record**; or

> (iii) a determination made in accordance with applicable nonbankruptcy law by a government unit; and
>
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt. [Emphasis added]

Creditor Gregory B. Soriano represented one of Debtor's minor children in a case involving custody, parenting time and support. Pursuant to the Order appointing Creditor Gregory B. Soriano as the attorney for the minor child, the minor child was to be treated as a party to the case. As such, Claim No. 13 arises from attorney fees awarded to Creditor Gregory B. Soriano as the attorney for the minor child in the state court dispute over child custody, child welfare, parenting time and child support. All of the amounts set forth in Claim No. 13 are DSO claims and are entitled to priority under 11 U.S.C §507(a)(1)(A) and (B), including the interest on said debt.

This Court should be aware that Creditor Gregory B. Soriano submitted his ORCP 68 Statement for attorney fees to the circuit court judge at the conclusion of his appointment as attorney for one of Debtor's minor children in February 2015. Pursuant to ORCP 68, Debtor had 14 days to submit objections to said request for attorney fees. The father in the proceedings timely submitted objections to the request, but **Debtor did not file timely objections** to the request. Based upon Debtor's legal position being unreasonable throughout case and the fact that her substantive litigation was unnecessary, the Honorable Donald Letourneau in his Letter Opinion dated March 16, 2015 stated: "The court is mindful that the mother [Debtor] is not a wealthy individual, but nevertheless concludes that **an award of attorney fees is appropriate** …." [Emphasis added].

Attorney fees incurred in a child custody proceeding may be in the nature of support, where those fees were for representation of the child's best interests. In the Washington County Circuit Court for cases involving a child age 12 or older, the court presumes at the outset that a traditional,

---

Page | 3    **CREDITOR GREGORY B. SORIANO'S HEARING BRIEF**

non-best interest is appropriate. At the time of the Order appointing Creditor Gregory B. Soriano as attorney for the minor child, the minor child was age 12 or older. This does not change the fact that Creditor Gregory B. Soriano's representation of the minor child benefited the minor child. Where the attorney fee award arises from litigation over the best interest of a minor child, where the minor child benefited, that award should be in the nature of support. Creditor Gregory B. Soriano only represented the minor child in issues in the case that directly involved the minor child and was best for the minor child.

All of the fees incurred by Creditor Gregory B. Soriano were incurred in direct relation to those issues only involving the minor child, and are therefore all in the nature of support of the child of the Debtor. This debt was brought about by Debtor's litigious nature in prolonging litigation involving the custody, parenting time and child support of her children. Debtor's actions were factors of consideration in the award of attorney fees to Creditor Gregory B. Soriano, to be paid by Debtor. The fees were incurred regarding issues that affected the minor child and the minor child's best interests. Creditor Gregory B. Soriano's fees in representing the minor child were necessary in determining the best interest of the minor child and decisions regarding his custody, parenting time and support. The award of attorney fees that is the basis for Claim No. 13 is in the nature of support and as such, is a DSO and DSO's receive priority status under Chapter 13 in the bankruptcy code.

Finally, it is important for this Court to note that the appointment of Creditor Gregory B. Soriano as the attorney for one of Debtor's minor children in February 2014 was the second time Creditor Gregory B. Soriano had been appointed as the attorney for the minor child. Creditor Gregory B. Soriano was first appointed to represent one of Creditor's minor children in 2011. At the time of the appointment in 2011, Creditor Gregory B. Soriano was appointed "pro bono". Then in 2014, Creditor Gregory B. Soriano was appointed for a second time to represent one of Creditor's

Page | 4    CREDITOR GREGORY B. SORIANO'S HEARING BRIEF

Case 16-30474-pcm7    Doc 86    Filed 11/08/16
Case 22-31915-dwh13    Doc 90    Filed 04/05/23

minor children. Recently, in October 2016, Creditor Gregory B. Soriano was once again appointed as the attorney for one of Creditor's minor children. This is now the third time Creditor Gregory B. Soriano has been appointed to represent the minor child of Debtor.

Creditor Gregory B. Soriano's Claim No, 13 should be designated priority status as it is a domestic support obligation.

Dated this 8th day of November, 2016.

/s/ Gregory B.Soriano
Gregory B. Soriano (OSB#732859)
Creditor

TRUE COPY CERTIFICATE

I certify that the foregoing copy of Creditor Gregory B. Soriano's Hearing Brief is/are true, exact and full copy of the original thereof.

Dated this 8th day of November, 2016.

/s/ Gregory B.Soriano
Gregory B. Soriano (OSB#732859)
Creditor

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of November 2016, a copy of the foregoing Creditor Gregory B. Soriano's Hearing Brief was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail as set forth below. Parties may access this filing through the Court's electronic filing system.

Rita K. W. Luetkenhaus
PO Box 1262
Hillsboro, Oregon 97123-1262

Dated this 8th day of November, 2016.

/s/ Gregory B.Soriano
Gregory B. Soriano (OSB#732859)
Creditor