UNITED STATES BANKRUPTCY COURT

District of Oregon

| IN RE: | BAP no: 23-1085 |
|---|---|
| RITA K LUETKENHAUS, DEBTOR | Case No.: 22-31915 |
| | STATEMENT OF ISSUES |

Statement of Issues to Be Presented

Rita Luetkenhaus, pursuant to Federal Rule of Bankruptcy Procedure 8009 (a), hereby states the issues to be presented on appeal and may modify or update the issues upon obtaining an attorney or if an attorney cannot be obtained after seeking legal counsel.

*The bankruptcy court erred when it:*

1. Allowed Carey Smith's claim as a priority claim for $9,973.20.
2. Allowed Richard Luetkenhaus' claim as a priority claim for $66,611.64.
3. Included a decision for Carey Smith on a supplemental judgment of $15,000 for attorney fees in a domestic relations case as background support of the decision, when this attorney fee award was precluded from this case as it was already previously addressed in the 2012 Chapter 13 case, and by this preclusion cannot be reconsidered for reason of fact to award priority of a separate judgment.
4. For both claims, made assumptions about the cases based on a court docket, not items admitted as evidence in the hearing, which left out important details that debtor would have been able to rebut had these been brought up at the hearing.
5. In both claims, did not require the creditors to provide evidence that the attorney fee awards were in nature of alimony, maintenance, or support as it was the creditors burden to prove and did not provide for debtor to rebut any evidence since none was presented.
6. In both claims, did not require or refer the creditors back to the Chapter 7 case in 2016 and did not follow the statutes that they must file an adversary to argue the judgment was Domestic Support Obligation to survive the chapter 7 bankruptcy in 2016.
7. For Carey Smith's claim, did not recognize on the document awarding attorney fees the statement by the appellate court which clearly states that Carey Smith has a substantially higher income than the debtor, who at the time the attorney fees were awarded was in

debt and unable to pay expenses, thereby in essence demonstrating clearly the attorney fee award was not in the nature of support and therefore does not fall under 523(a)(5). Then states it is considered 523(a)(15) because it arose from a divorce case, but illogically comes to the conclusion that it is priority, when in a 523(a)(15) judgment is non-priority in a chapter 13 case.

8. Makes a generalized statement about all attorney fees being in the nature of support if they arise from a custody case, which is an over generalization of the statute and should not be applied to this case, as this case has extenuating circumstances that the case law sited in his opinion do not have.  The statute specifically states that the award must be in the nature of support, and while there are several chapter 7 cases in which an adversary was filed and determined in the nature of support, while most attorney fee awards have this characteristic, just because custody was argued during a divorce case, does not automatically make the attorney fee judgment in the nature of support.  The underlying facts of those cases are very different from this debtor's underlying facts, so the generalization does not apply as she has two very unusual cases.  One case, in fact, the court mistakenly awarded custody to the creditor which has been since reversed, prior to the 2022 bankruptcy and the creditor has an income over 5 times the amount of the debtor.  Child support was never awarded to him through the circuit court and the child support that was mistakenly awarded to him through the Oregon Child support division was reversed and paid back to debtor (minus the $155 which was a fee Mr. Smith refused to return and debtor was willing to just let go).   In addition, the creditor has been paying child support to debtor since 2021 and her dependents, their joint children, whom she obtained 100% custody and parenting time of in 2021 due to the error of the 2016 decision that she had reversed. This would have been brought to light in front of the court at the hearing if the creditor had attempted to provide evidence that this claim was a domestic support obligation.  But since the creditor did not provide evidence, there was no evidence to rebut.  It was the creditors burden to prove that it is DSO.   Because the 2016 decision on custody and parenting time, was, in retrospect, not in the best interest of the children, and in fact, reversed in 2021, the attorney fee award is not Domestic Support Obligation, especially in consideration of all of these underlying facts which are unusual and should be treated as such.

9. Did not consider the needs of the children and how they are affected by this being labeled Domestic Support Obligation.  Debtor testified at her meeting of creditors that all the children lived with her, Smith's oldest two children living with her 100% of the time.  The burden of the debt to Mr. Smith and Mr. Luetkenhaus is now falling on the children because in order for the debtor to be able to make plan payments she must rely on the children who are now a senior in high school with a plan to attend college in the fall and the other child is an adult attending college.  They are now having to help debtor pay housing and utility costs as well as their own car insurance costs to help debtor pay their father, the creditor, so that they can remain in debtor's stable home and not have to move while they are trying to attend college.  Neither child wants to move back with the creditor as he is an alcoholic and is verbally abusive to them.  All of this would have also come to light in the hearing if Mr. Smith attempted to bring evidence that this debt was a

Domestic Support Obligation, but again, he did not do so, therefore debtor did not have a chance to bring this before the court.

10. Stated Mr. Smith's debt would be considered a 523(a)(15) during the hearing but then said it was a 523(a)(5) debt in his memo and listed it as priority debt, when it should have been considered a 523(a)(15) debt because the debt arose out of a divorce.
11. Allowed Carey Smith's claim as priority as a 523(a)(15) debt because it was a debt that arose out of a divorce proceeding. 523(a)(15) debts are not priority in a chapter 13 and are dischargeable at the end of the plan.
12. For Carey Smith's claim, did not acknowledge on the document awarding attorney fees that was submitted as an exhibit that at the time, the court agreed that debtor's position was unreasonable to dispute the change in custody and that she was not in a financial position to pay attorney fees. This document was admitted as evidence and thereby further proving the award was not in the nature of support. It is a mistake of the court to assume that because Mr. Smith prevailed in the circuit course case, which later was reversed and custody returned to the debtor, that this should be Domestic Support Obligation. This should not be Domestic Support Obligation.
13. For Carey Smith's claim, reviewed only a part of the records of the court case on public file (and some not admitted as evidence) and taking those into consideration even though some were not admitted as evidence, but failed to take into consideration recent documentation that custody was reverted back to the debtor in 2021 with child support awarded to the debtor to be paid by the creditor due to new evidence that could not have been admitted at the time of the domestic child custody case in 2012 that father was an alcoholic and the children were not being cared for properly when in his care. Therefore, although at the time, the award was given due to the court's opinion there was unreasonableness and delay by the debtor and it was a punishment, not in the nature of support, clearly due to the difference in their income levels which is clearly documented in all of the case records, included the attorney fee award by the appeals court. The bankruptcy court cannot pick and choose from the court record what they want to use to make their case and if they are going to recognize the record, they must recognize the entirety of the record.
14. For both claims, did not take into consideration earlier testimony from the meeting of the creditors that the debtor's children (whose custody was in dispute regarding the attorney fee award) now live with debtor and that such a financial strain of **this money award is an undue hardship not only the debtor but also on the children of both marriages.**
15. For both claims, the court did not consider the current state of affairs with the children and that the money is not in the nature of support to fathers. Spousal support and child support was never awarded to creditor Carey Smith, except by mistake that was corrected and noted in the bankruptcy court opinion as well as during the hearing and in the debtor's memo to the court. The bankruptcy court did not take current nor past support awards into consideration, although it was clearly noted in the documents. Also they did not take into consideration the very small child support payments made to Richard Luetkenhaus, which clearly should demonstrate further to the court, although, again this

issue was never argued that the money award was in the nature of support as neither creditor brought forth any evidence as such.

16. For both claims, the court made a determination based on an opinion that was never entered into a judgment even though he stated on record in the hearing that the opinions were not evidence of Domestic support obligation. When the creditors were asked if they had evidence of the debts being domestic support obligations neither creditor brought any evidence, and therefore, debtor did not have need to argue that it wasn't. It was assumed it would not be since no evidence was presented. The issue then is that the court put the burden on the debtor to dis-prove it was not domestic support obligation rather than put the burden on the credit to prove that it was.

17. Determined the amounts and percentages arbitrarily without evidence or reasoning as domestic support obligation and therefore priority, the decision did not rely on evidence from the creditors as no such proof was ever presented and it is the creditor's burden to prove that these attorney fee awards are in the nature of support. Just because a debt for attorney fees arises out of a custody dispute does not automatically make it in the nature of support. There are other facts that should be considered, such as what the largest part of the custody dispute was about.

18. In both cases, the custody disputes were about domestic violence. Richard Luetkenhaus physically abused the debtor in front of her children. Exhibits were submitted to the court that proved these facts. This sparred Mr. Smith to file a change of custody and he won based on the custody evaluator's opinion that the debtor would return to Richard Luetkenhaus and remain married to him, additionally, the children were afraid to tell the custody evaluator about Mr. Smith's drinking problem mostly because they were too young to know for sure what the problem was and he ignored debtor's pleas to believe her because she no longer lived in the home. This was an error of the custody evaluator. Mr. Smith and Mr. Luetkenhaus colluded in the custody disputes and tried to make the debtor appear to the perpetrator of the abuse, through falsifications and lies, which the debtor's children were standing by to testify about if Mr. Luetkenhaus or Mr. Smith would have attempted to bring evidence before the court that it was simply a custody dispute, like most marriage custody disputes, and if they attempted to make the debt seem in nature of support. Again, since no evidence was brought before the court to attempt to prove either debt was in the nature of support, the debtor was not given the chance to rebut any evidence.

19. The burden of proof that the debt is in the nature of support is on the creditors, not the debtor, and they failed to prove these debts were in nature of support, and the court did not require that evidence, so the debtor was not given a fair hearing as there is no statute that states that attorney fees are automatically DSO.

20. For Richard Luetkenhaus claim, misunderstood or misstated in the opinion that "Rita's objection asks that Richard's claim be allowed as a priority claim for $31,829.41". While Rita testified regarding the amount owed her position was that if the judge did not consider the amount discharged in her earlier chapter 7 as there was an assumption if it was considered 523(a)(5) that it would be argued in the chapter 7 bankruptcy as an adversary as to whether it was Domestic Support Obligation or not, but if it was

considered 523(a)(15) (as previously mentioned in the hearing in Carey Smith's case that was how he might rule) the amount that would have survived the chapter 7 as 523(a)(15) would have been the testified amount. The issue of whether it was a domestic support obligation was never addressed at the hearing as there was no evidence presented by Richard Luetkenhaus that would present it as such other than just stating it was, which is not evidence.

21. During the hearing debtor clearly stated in her testimony that Carey Smith's claim was clearly not Domestic Support Obligation (DSO) and the judge interrupted her and would not let her continue why, and made mention of 523(a)(15) so her attorney did not continue down the path of rebutting it as 523(a)(5) since no evidence was presented by the creditor as such and it should have been argued as an adversary in the Chapter 7 bankruptcy in 2016.

22. If either party had attempted to present any evidence that the case was domestic support obligation the debtor would have been given a chance to rebut such evidence, but none was presented, so the court erred in labeling it as domestic support obligation. In addition, if it was domestic support obligation, then the chapter 13 court should have ruled that there needed to be an adversary in the chapter 7, and since there was not an adversary in the chapter 7, it cannot be considered domestic support obligation.

23. The court did not follow the statutes regarding chapter 7 or chapter 13. If the judgments are considered 523(a)(5), Domestic Support Obligations, then there had to be an adversary in the chapter 7 prior to being considered Domestic Support Obligation to survive the discharge of the chapter 7 (which there was not) and debtor would have had a chance to present her case that they were not Domestic Support Obligation. Debtor was not given this opportunity.

24. The judge considers both of these debts as debts arising out of divorce and classifies them as 523(a)(15) if they are not 523(a)(5), this is not the error, but the error is stating that they are priority debts.

25. Since the evidence that was presented by debtor (showing the bulk of Mr. Luetkenhaus's attorney fees were mainly fighting the restraining order and columbia county cases (which was ruled to not receive attorney fees, yet resubmitted to Washington Court), in fact, much of the testimony, the time spent in court was Mr. Smith and Mr. Luetkenhaus falsely testifying that the debtor was also abusive to them, which was a fabricated lie between the two of them. It should be obvious to the bankruptcy court and by their memo submissions that they continue to work together to collude against the debtor and falsify information. The bulk of the divorce proceedings and attorney fees centered about domestic violence issues and not custody of the child with Mr. Luetkenhaus's case. Had the creditor attempted to present any evidence or falsify anything to try to state these attorney fees were largely about custody, debtor would have rebutted with testimony from the grown children who now would testify that the debtor was never abusive to either creditor and that in fact, they witness the opposite themselves and remember that Mr. Lutekenhaus physically abused the debtor in front of them.

26. Determined that the debtor, did not argue that it was not domestic support obligation when clearly the memo presented to the court and argument was that "there was no legal

determination that this debt was non-discharable", and in saying such, the argument was that it was dischargable so it could not be recognized as a domestic support obligation.

27. Relied on Chapter 7 bankruptcy cases and case law to determine if these money judgments were Domestic Support Obligaitons, whereas there is a clear difference in dischargeability of debts that arise from a divorce. Debts classified as 523(a)(15) are dischargeable in a chapter 13. The only exception to that is if the debts are 523(a)(5) Domestic support obligations. The court in the 2022 case quoted that the debts "Allowed the amounts mentioned above as priority debt under 11 USC 507(a)"

28. Failed to recognize that if the amounts in question were not determined to be Domestic Support Obligation in the chapter 7 case in 2016 and did not survive the Chapter 7 bankruptcy without an adversarial hearing from the parties in the Chapter 7, and therefore were discharged in the chapter 7.

29. Failed to require the creditors to prove that the amounts in question are Domestic Support Obligations in the nature of support, which again, needed to be argued in the chapter 7 case, not this case, and simply stating so and that they were connected to a divorce does not infer that they were intended by the circuit court or the appellate court to be in the nature of support, in fact, supporting documents prove otherwise, and if they are considered to be 523(a)(15) because the debts were incurred by the debtor in the course of the divorce, they are non-priority debt in a chapter 13 case.

30. Allowed both Smith and Mr. Luetkenhaus to provide exhibits later than allowed so that debtor did not have time to review documents or speak with her attorney about why they should not be admitted. In addition, this did not allow enough time for her to make a rebuttal of any assumptions made from these documents or prepare for the hearing.

31. Used 523(a)(5) as a reason to allow the debt as priority but then states that it is 523(a)(15) which clearly is in conflict with stating it is 523(a)(5), as 523(a) 15 clearly states "and not of the kind described in paragraph (5)". It must be one or the other, not both. The court did not clearly state which of the bankruptcy rules apply and must choose one, as 523(a)(15) clearly states it cannot be both.

32. For Richard Luetkenhaus' claim, ruled this debt fell under 523(a)(5) when no evidence was ever presented by either of the creditors to prove that it was in the nature of support. The court quoted "absent unusual circumstances…, the term 'support' encompasses the issue of custody", yet in the Rick Luetkenhaus award it is clear that there were unusual circumstances that were presented as evidence and stated in the memo by debtor's attorney clearly showing from the attorney fee statement that there were unusual circumstances in regards to the abuse that the debtor suffered from Mr. Luetkenhaus and much of the attorney fee statement involved his dispute of this matter. The police report was provided for Mr. Luetkenhaus' abuse of the debtor and other evidence that was provided to prove these facts were indeed unusual circumstances. In addition, it was clear by the award amounts of child support (a very small $27 a month) that the attorney fee award was not in the nature of support – all further evidence the debtor was ready to provide if Mr. Luetkenhaus had presented any evidence that this attorney fee award was in nature of support. All of the exhibits would have presented as well at the hearing if Mr. Luetkenhaus had made any arguments with evidence that the amount was Domestic

Support Obligation, but since he failed to do so, debtor's attorney did not need to bring them forward as rebuttal, and so did not do so.

33. The court misinterprets the case law mentioned in his opinion by making a general statement about "all fees incurred by any participant are child support, regardless of which party has custody and regardless of which ex-spouse is in greater need of support". This is in opposition to the bankruptcy code that the obligation for attorney fees must be "in the nature of support". Bankruptcy code 11 USC 101(14)(C ) clearly states this is the requirement. The court erred in making a generalization that does not align with the statutes and uses case law that is not applicable as it has different base facts.
34. It appears from the overall opinion that the bankruptcy court decision was that these twos debts were not discharged in the 2016 chapter 7 case because they are 523(a)(15), not 523(a)(5), and if that is the case they should have non-priority debt in a chapter 13.
35. The court did take into consideration the evidence presented to the court that there were extenuating circumstances in this particular case. The debtor's attorney provided evidence that debtor was a victim of domestic violence at the hands of the creditor, Richard Luetkenhaus, and that this is an unusual case where the two creditors colluded in both the circuit court and the bankruptcy court (notice the similarities in their memos) This should have some consideration in deciding whether debtor should not be relieved of this debt owed to her abuser due to her attempts to win custody of her children, and a recognition that this is a way for the abuser to continue abusing his victim only rather than physically, financially. All of these arguments would have been made in the hearing if the creditor, Rick Luetkenhaus had attempted to present evidence that this debt was a Domestic Support Obligation. But again, he did not present any evidence to the court, therefore the court erred in their final judgment.
36. The entire opinion does not logically conclude that the amounts in question are priority debt in the nature of support, nor does it conclude that they are priority debt under either 523(a)(5) or 523(a)(15).
37. Stated case law and quotes the case decisions that do not apply to either of these attorney fee awards as they do not have similar facts and circumstances and would not draw the conclusion outlined in the court's opinion.
38. Allowed a calculation of the debts based on compound interest not simple interest.
39. Clearly states reasons why the debt is not dischargable in a chapter 7 with reasoning that "In child-custody proceedings, all fees incurred by any participant are child support", the underlying facts of the cases he bases this statement on are not similar in any way to this situation. The debtor was abused by the creditor in the case of Richard Luetkenhaus. The marriage was short term (2 years) and did not constitute any spousal support. The couple kept whatever assets they had prior to the marriage and did not mix their assets during the marriage. The parenting time was divided in a 50/50 manner, and the very small amount of child support that was awarded was due to the small difference in income at the time. The bankruptcy court did not intend for every divorce case that involved attorney fee awards to be considered as domestic support obligation. If it had it would not say in the law that it has to be determined to be "in the nature of support".

40. Determined that the support award fell under 523(a)(5), but if this was the case the creditor needed to file an adversarial case in the chapter 7, which he did not do.  Such a determination that it was domestic support obligation and falls under non-dischargable debts such as 523(a)(5) then the amount in question needed to be presented to the chapter 7 bankruptcy case in 2016, which it was not.  The court erred in allowing the amount as priority in the chapter 13, when no adversary was filed with the chapter 7 case, and therefore was discharged in the 2016 chapter 7 under that assumption.
41. Determined that the attorney fee judgments for both parties fell under 523(a)(15) because they were debts incurred in relation to a divorce, in this case, they would not have been dischargeable in the chapter 7, but they are non-priority in the current 2022 chapter 13 case.
42. The court decided in their opinion, without evidence, that these debts were domestic support obligation on the sole factor that they arose out of a divorce in which child custody was disputed, which if these cases were normal, run of the mill, divorce cases, that may be true, but debtor has unusual circumstances with these two debtors.  These unusual circumstances should have been considered and a fair hearing in which the creditors should have been required to bring evidence as it was their burden to prove the debts were priority.  They failed to do so.  Just stating that it was Domestic Support Obligation without bringing forth any evidence does not make it Domestic Support Obligation, especially in a domestic violence situation, which complicated the issues and increased the attorney fees.  Additionally a situation where custody, parenting time, and child support has been reversed back to the person who owes the attorney fee award certainly should not grant an attorney fee judgment debt as domestic support obligation.
43. Overall the children of the marriages and the burden this lays on them was never considered.

Dated_____5/26/2023_____      Signature_____

Printed Name__Rita Luetkenhaus_____